UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANLEY TAYLOR,<br><br>                          Plaintiff,<br><br>    -v-<br><br>LILIYA PERELMAN KRAMER, <u>et al.</u>,<br><br>                          Defendants. | CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)<br><br>**<u>ORDER</u>** |

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of <u>pro se</u> Plaintiff Stanley Taylor's ("Mr. Taylor") letter requesting: (i) an additional 20 days to serve the complaint (Dkt. No. 1 (the "Complaint")); (ii) the Court reinstate his <u>in forma pauperis</u> ("IFP") status; and (iii) a refund of the $405.00 filing fee (the "Fee"). (Dkt. No. 25 (the "Motion")). For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

The Court previously granted Mr. Taylor's request to proceed IFP, meaning he was entitled to rely on the Court and the U.S. Marshals Service to effect service. (Dkt. No. 4 (the "IFP Order")). <u>Walker v. Schult</u>, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); <u>see</u> <u>also</u> 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). On November 10, 2025, however, Mr. Taylor paid the Fee, relinquishing his IFP status. Accordingly, Mr. Taylor was responsible for service of a summons and the Complaint on Defendants Liliya Perelman Kramer ("Ms. Kramer"), Laura Chrstine Williams, Arthur Z. Schwartz, and Nancy Reilly (together, the "Defendants"). (Dkt. No. 13). On November 18, 2025, Mr. Taylor

filed affirmations of service showing that he attempted to effectuate service on the Defendants. (See Dkt. Nos. 15–18 (the "First Affirmations")).  The First Affirmations, however, did not comply with New York Civil Practice Law and Rule ("C.P.L.R.") Sections 308, 313, 312-A, or Rule 2103. (See Dkt. No. 19).   Accordingly, the Court ordered Mr. Taylor to show cause, by December 8, 2025, (i) that the person who completed the service of the summons and Complaint on all Defendants was not a party in this case; and (ii) why the First Affirmation indicating service by "certified mailing" on Ms. Kramer, (Dkt. No. 17), without prior Court permission, is sufficient service.  (Dkt. No. 19).  Mr. Taylor then filed revised affirmations of service attempting to correct his service.  (Dkt. Nos. 20–23 (the "Second Affirmations")).  The Second Affirmations, however, still did not comply with the C.P.L.R.  (See Dkt. No. 24).  Accordingly, the Court ordered Mr. Taylor to either (i) show cause why the Second Affirmations indicating service of the summons and Complaint by "mail" or "certified mail" on the Defendants, without prior Court permission, is sufficient service under C.P.L.R. § 312-A (governing personal service by mail, but only as an "alternative to the methods of personal service" authorized under C.P.L.R. § 308), or (2) show proof of service by a method permitted under C.P.L.R. § 308 (governing personal service upon a natural person) by December 23, 2025.  (Dkt. No. 24).  On December 22, 2025, Mr. Taylor filed the Motion.

Given the IFP Order, the Court **ORDERS** the U.S. Marshals to effectuate service of the Complaint on Defendants.  Mr. Taylor is therefore not responsible for effectuating service of the Complaint on Defendants, and his request for an additional 20 days to serve the Complaint is **DENIED** as moot.

Mr. Taylor's requests that the Court reinstate his IFP status and refund the Fee are **DENIED**. Mr. Taylor relinquished his IFP status when he paid the Fee. Further, deposited money belongs to the Treasury Department, and the courts cannot refund such money. See Goins v. DeCaro, 241 F.3d 260, 261 (2d Cir. 2001) ("[A] refund claim . . . encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States.") 28 U.S.C. §§ 711(c), 751(e) (1994) (requiring clerks of courts of appeals and district courts to pay all fees "into the Treasury").

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at 81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:       New York, New York
             January 2, 2026

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

3