UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                    Plaintiff,

        -v-

LILIYA PERELMAN KRAMER, et al.,

                    Defendants.

CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On January 2, 2026, the Court ordered the U.S. Marshals to effectuate service of the complaint (Dkt. No. 1 (the "Complaint") on Defendants Liliya Perelman Kramer ("Ms. Kramer"), Laura Christine Williams ("Ms. Williams"), Arthur Z. Schwartz ("Mr. Schwartz"), and Nancy Reilly ("Ms. Reilly") (together, the "Defendants").  (Dkt. No. 26).  On the same day, however, Plaintiff Stanley Taylor ("Mr. Taylor") entered revised affidavits of service showing that he attempted to correct his previously deficient service of the summons and Complaint on Defendants pursuant to New York Civil Practice Law and Rule ("C.P.L.R.") Section 308.  (Dkt. Nos. 27–30 (the "Third Affirmations")).

The Third Affirmations, however, do not all contain the name and description of each person of suitable age and discretion who was served at each of the Defendant's place of business, and therefore do not comply with C.P.L.R. Section 308.  (See Dkt. Nos. 27–30).

Pursuant to C.P.L.R. Section 308, which governs personal service upon a natural person, "personal service shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at their actual place of business, dwelling place or usual place of

abode . . ." and by mailing the summons in accordance with Section 308.  C.P.L.R. § 308(2).  See

C.P.L.R. § 313 (providing guidelines for out of state service "in the same manner as service is

made within the state.")  Plaintiff's first and second attempts at service, (Dkt. Nos. 15–18 (the

"First Affirmations"); Dkt. Nos. 20–23 (the "Second Affirmations")), previously indicated that the

summons and Complaint were served on Defendants by mail.  (Dkt. Nos. 15–18; 20–23).

Accordingly, the Third Affirmations indicate that Mr. Taylor complied with the mailing

requirement under Section 308.

With respect to the requirement under C.P.L.R. Section 308 that service may be made "to

a person of suitable age and discretion," however, the Third Affirmations for Ms. Reilly,

Ms. Kramer, and Mr. Schwartz are deficient because they do not contain the names and

descriptions of the people who were served.  (Dkt. Nos. 27–29).  See C.P.L.R. § 308(2).

The Third Affirmation for Ms. Reilly, (Dkt. No. 27), provides that Clinton Mosley

("Mr. Mosley") hand delivered the summons and Complaint to the "intake window at 100 Church

Street, N.Y. N.Y. 10007."  (Id.)  Mr. Mosley, however, did not provide the name or description of

the person to whom he handed the papers.  (See id.)  Accordingly, the Third Affirmation for Ms.

Reilly does not comply with C.P.L.R. Section 308.

The Third Affirmation for Ms. Kramer, (Dkt. No. 28), provides that Mr. Mosely hand

delivered the summons and Complaint to J. Davis at 1 Federal St., 16th Floor in Boston,

Massachusetts 02110.  (Id.)  Mr. Mosely, however, did not provide a description of J. Davis.  (See

id.)  Accordingly, the Third Affirmation for Ms. Kramer does not comply with C.P.L.R. Section 308.

The Third Affirmation for Mr. Schwartz, (Dkt. No. 29), provides that Mr. Mosely hand

delivered the summons and Complaint to Carol Martinez at 225 Broadway, New York, New York,

2

10007, Room 1902.  (Id.)  Mr. Mosley, however, did not provide a description of Carol Martinez.

(See id.)  Accordingly, the Third Affirmation for Mr. Schwartz does not comply with C.P.L.R.

Section 308.

The Third Affirmation for Ms. Williams, (Dkt. No. 30), provides that Mr. Mosely hand

delivered the summons and Complaint to Mr. Oberton at 100 Church Street, New York, New York,

10007, and further provides a description of Mr. Oberton — "[m]ale, white glasses, 55 years old."

(Id.)  Accordingly, the Third Affirmation for Ms. Williams complies with C.P.L.R. Section 308.

The Court **ORDERS** Mr. Taylor to re-file the Third Affirmations for Ms. Reilly, Ms. Kramer,

Mr. Schwartz indicating the name and description of the people whom Mr. Mosely served with

the summons and Complaint by **January 26, 2026**.

Further, given the Third Affirmations, the Court **ORDERS** that the U.S. Marshals **CEASE** all

efforts to effectuate service of the Complaint on Defendants.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at

81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:      New York, New York
            January 5, 2026

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3