UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                          Plaintiff,

          -v-

LILIYA PERELMAN KRAMER, et al.,

                          Defendants.

CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff Stanley Taylor's ("Mr. Taylor") letter (i) requesting that the Court accept his revised affirmations of service of the summons and complaint (Dkt. No. 1 (the "Complaint")) on Defendants, (Dkt. Nos. 27–30 (the "Third Affirmations")), and (ii) objecting to Defendant Laura Christine Williams's ("Ms. Williams") request to extend her deadline to respond to the Complaint (Dkt. No. 33 (the "Request")).  (Dkt. No. 35 (the "Letter")).

On January 2, 2026, the Court ordered the U.S. Marshals to effectuate service of the summons and Complaint on Defendants Liliya Perelman Kramer ("Ms. Kramer"), Ms. Williams, Arthur Z. Schwartz ("Mr. Schwartz"), and Nancy Reilly ("Ms. Reilly") (together, the "Defendants"). (Dkt. No. 26).  On January 5, 2026, however, in light of the Third Affirmations showing that Mr. Taylor attempted again to effectuate service of the summons and Complaint, the Court ordered the U.S. Marshals to cease all efforts to effectuate service on Defendants, and further ordered Mr. Taylor to re-file the Third Affirmations for Ms. Reilly, Ms. Kramer, and Mr. Schwartz indicating the name and description of the people whom Clinton Mosely served with the summons and Complaint by January 26, 2026.  (Dkt. No. 31).

In the Letter, Mr. Taylor requests that the Court deem the Third Affirmations sufficient. (Dkt. No. 35 at 3).  The Third Affirmations, however, are deficient for the reasons stated in the Court's Order at Dkt. No. 31.  (Dkt. No. 31).  Further, counsel for Ms. Williams has notified the Court that her office is not authorized to accept service on Ms. Reilly, (Dkt. No. 33), and neither Ms. Kramer, Mr. Schwartz, nor Ms. Reilly has appeared in this action.  The Court is therefore not confident that Ms. Kramer, Mr. Schwartz, or Ms. Reilly have been properly notified of this action.

Given that the Court previously granted Mr. Taylor's request to proceed in forma pauperis, meaning that before he paid the fees in this action, he was entitled to rely on the Court and the U.S. Marshals Service to effect service, (see Dkt. No. 4), the Court **REORDERS** the U.S. Marshals to effectuate service of the summons and Complaint on Ms. Kramer, Mr. Schwartz, and Ms. Reilly.  The U.S. Marshals need not effectuate service on Ms. Williams, given that Mr. Taylor's Third Affirmation as to Ms. Williams is sufficient, (see Dkt. No. 31 at 3), and Ms. Williams has appeared through counsel in this action.  (See Dkt. No. 32).

**Accordingly, Mr. Taylor is not required to re-file the Third Affirmations.  (Dkt. No. 31).**

Further, Mr. Taylor's objection to Ms. Williams's Request is **OVERRULED**.  Ms. Williams's Request is her first request for an extension of time to respond to the Complaint.  (Dkt. No. 33). Requests of this nature are routinely granted by this Court in order to allow counsel adequate time to respond to a complaint after being retained as counsel.  Ms. Williams's Request remains **GRANTED** and her deadline to respond to the Complaint is **February 11, 2026**.  (Dkt. No. 34).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at

81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:          New York, New York
                January 15, 2026

                                                SO ORDERED.

                                                _____
                                                SARAH L. CAVE
                                                **United States Magistrate Judge**

3