UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                Plaintiff,

    -v-

LILIYA PERELMAN KRAMER, et al.,

                Defendants.

CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff Stanley Taylor's ("Mr. Taylor") letter dated January 27, 2026, (Dkt. No. 37 (the "Letter")), along with revised affirmations showing Mr. Taylor's fourth attempt at serving the summons and complaint (Dkt. No. 1 (the "Complaint")) on Defendant Nancy Reilly ("Ms. Reilly").  (Dkt. Nos. 38–39 (the "Fourth Affirmations")).

For the reasons stated in the Court's Order at Dkt. No. 36, on January 15, 2026, the Court re-ordered the U.S. Marshals to effectuate service of the summons and Complaint on Defendants Liliya Perelman Kramer ("Ms. Kramer"), Arthur Z. Schwartz ("Mr. Schwartz"), and Ms. Reilly. (Dkt. No. 36 at 2).[1]

The Fourth Affirmations show that an individual named Lee Beckford hand delivered a copy of the summons and Complaint to a person of suitable age and discretion — a 42-year-old individual named "Irma" with black hair, grey pants, blue blouse, and glasses — at Ms. Reilly's

---

[1] Pursuant to the Court's Order at Dkt. No. 31, Mr. Taylor's affirmation of service of the summons and Complaint on Defendant Laura Christine Williams ("Ms. Williams"), (Dkt. No. 30), is sufficient. (Dkt. No. 31 at 3).  Further, counsel for Ms. Williams has appeared in this action, (Dkt. No. 32), and the Court extended Ms. Williams' deadline to respond to the Complaint to February 11, 2026.  (Dkt. No. 34; see Dkt. No. 36 at 2 (overruling Mr. Taylor's objection)).

place of business.  See N.Y. C.P.L.R. § 308 ("personal service shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at their actual place of business"); Fed. R. Civ. P. 4(e)(1) ("an individual . . . may be served in a judicial district of the United States . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").  Accordingly, the Court deems the Fourth Affirmations sufficient and finds that Ms. Reilly has been properly served with process in this action.  The Court therefore **ORDERS** the U.S. Marshals to **CEASE** all efforts to serve the summons and Complaint on Ms. Reilly.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Ms. Reilly's deadline to respond to the Complaint is **February 13, 2026**.  See Fed. R. Civ. P. 12(a)(1)(A)(i).

Ms. Kramer and Mr. Schwartz, however, still have not been served with the summons and Complaint, and therefore have not received notice of this action.  (See Dkt. No. 36 at 2).  The Court cannot hold Ms. Kramer and Mr. Schwartz in default until they have been served with the summons and Complaint and have failed to timely respond.  This case, therefore, cannot proceed until all Defendants are properly served.  Accordingly, the U.S. Marshals shall continue their efforts to serve the summons and Complaint on Ms. Kramer and Mr. Schwartz.  In the meantime, the Court appreciates Mr. Taylor's patience.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at

81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:         New York, New York
               January 29, 2026

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

3