UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                      Plaintiff,

    -v-

LILIYA PERELMAN KRAMER, <u>et</u> <u>al.</u>,

                      Defendants.

CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

**<u>ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff Stanley Taylor's ("Mr. Taylor") letters dated February 10, 2026 and February 11, 2026, (Dkt. Nos. 50; 56; 57 (the "Letters")), requesting: (i) that the Court add Defendant Liliya Perelman Kramer's ("Ms. Kramer") employer, Morgan Lewis & Bockius LLP, to the docket as a defendant (the "Morgan Lewis Request"); and (ii) update the jurisdiction field on the Docket to reflect both federal question and diversity of citizenship (the "Jurisdiction Request").  (Dkt. No. 50).  For the reasons set forth below, the Morgan Lewis Request and the Jurisdiction Request are both **DENIED**.

**I. <u>The Morgan Lewis Request</u>**

On December 6, 2024, Mr. Taylor filed his complaint (Dkt. No. 1 (the "Complaint")) in which he named four defendants: (i) Ms. Kramer, an attorney at Morgan Lewis and Bockius LLP; (ii) Laura Christine Williams, attorney with the New York City Law Department ("Ms. Williams"); (iii) Nancy Reilly, retired Human Resources Director for the New York City Department of Sanitation ("Ms. Reilly"); and (iii) Arthur Z. Schwartz, attorney for Advocates for Justice Chartered Attorneys ("Mr. Schwartz") (together, "Defendants").  (Dkt. No. 1 at 1–6).  Although

Mr. Taylor listed each Defendant's current or former employer, he did not name Defendants' employers as defendants.  (Dkt. No. 1).  Mr. Taylor also did not serve any of the Defendants' employers with the summons and Complaint.  (See Dkt. Nos. 5; 13; 15–31; 36–42).  Accordingly, given that Mr. Taylor has not sued Ms. Kramer's employer, Morgan Lewis & Bockius LLP, and there is no reason to list that law firm as a defendant on the docket, the Morgan Lewis Request is **DENIED**.

## II. The Jurisdiction Request

In the Complaint, Mr. Taylor alleges two bases for jurisdiction: (i) federal question, and (ii) diversity of citizenship.  (Dkt. No. 1 at 3).  With respect to federal question jurisdiction, Mr. Taylor specifically alleges "conspiracy to commit fraud" in connection with Mr. Taylor's prior case in Southern District of New York, captioned Taylor v. City of New York (Department of Sanitation), No. 17 Civ. 1424 (MKV) (SDA).  (Dkt. No. 1 at 6; 50 at 3; 56 at 2).  At the time Mr. Taylor filed the Complaint, the Court interpreted his stated basis for federal question jurisdiction to allege that Defendants violated his constitutional rights to due process and therefore indicated on the Docket that "Violation of Due Process" is the basis for federal question jurisdiction (the "FQ Designation").  (See Docket).  Accordingly, the Court will not alter the FQ Designation on the Docket.  The Court clarifies that the FQ Designation on the Docket is not a determination on the merits of this case.

As for diversity of citizenship, despite Mr. Taylor having checked the box for "Diversity of Citizenship" on the Complaint template, the Complaint does not contain facts indicating that diversity of citizenship exists.  (See Dkt. No. 1).  Under 28 U.S. § 1332(a), district courts have diversity jurisdiction where the opposing parties have "complete diversity" of citizenship and

"the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); see Bartlett v. Honeywell Int'l Inc., 737 F. App'x 543, 547 (2d Cir. 2018) (summary order) ("Diversity jurisdiction is present when there is complete diversity between the parties and the matter in controversy exceeds the sum or value of $75,000."); SGM Holdings LLC v. Andrews, 743 F. Supp. 3d 545, 557 (S.D.N.Y. 2024) (same).  To satisfy "complete diversity," no defendant may be a citizen of the same state as Mr. Taylor.  See In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 724 (S.D.N.Y. 2003) ("It is well-established that there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant").  (See Dkt. No. 1 at 3).  Here, Mr. Taylor alleges in the Complaint that Ms. Williams, Mr. Schwartz, and Ms. Reilly all reside in New York — the same state as Mr. Taylor's residence.  (Dkt. No. 1 at 5–6).  Given that "complete diversity" does not exist, there is no basis to indicate diversity of citizenship as a jurisdictional basis on the Docket. Accordingly, the Jurisdiction Request is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at 81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:      New York, New York
            February 13, 2026

SO ORDERED.

_____

SARAH L. CAVE
**United States Magistrate Judge**

3