UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                        Plaintiff,

      -v-

LILIYA PERELMAN KRAMER, et al.,

                        Defendants.

CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.  INTRODUCTION

The Court is in receipt of Plaintiff Stanley Taylor's ("Mr. Taylor") motion for an order (i) compelling the Clerk of Court to enter default against Defendants Liliya Perelman Kramer ("Ms. Kramer"), Laura Christine Williams ("Ms. Williams"), Arthur Z. Schwartz ("Mr. Schwartz"), and Nancy Reilly ("Ms. Reilly") (the "First Request"); and (ii) "declaring that the post-service U.S. Marshal service order does not nullify perfected service, toll response deadlines, or suspend [Fed. R. Civ. P.] 55(a)" (the "Second Request").  (Dkt. No. 58 (the "Motion")).  For the reasons set forth below, the Motion is **DENIED**.

## II.  BACKGROUND

On December 6, 2024, Mr. Taylor commenced this action against Defendants alleging a "conspiracy to commit fraud" in connection with his previously filed case in the Southern District of New York, captioned Taylor v. City of New York (Department of Sanitation), No. 17 Civ. 1424 (MKV) (SDA).  (Dkt. No. 1 (the "Complaint")).  Following Mr. Taylor's several attempts to effect service of process, (see Dkt. Nos. 19, 24, 26, 31, 36, 42), on February 3, 2026, the Court deemed

all Defendants to have been served and directed Defendants to respond to the Complaint by February 13, 2026. (Dkt. No. 42). On February 5, 2026, Mr. Taylor filed proposed certificates of default for Defendants. (Dkt. Nos. 43–46 (the "First Proposed CoDs")). Given that the deadline for Defendants to respond to the Complaint had not yet passed, the Clerk of Court marked the First Proposed CoDs deficient. (See Dkt. Nos. 43–46; Dkt. Entry dated Feb. 5, 2026).

On February 12, 2026, at the request of Ms. Williams, Ms. Kramer, and Ms. Reilly, the Court extended the deadline for all Defendants to respond to the Complaint to March 16, 2026. (Dkt. No. 55). On February 13, 2026, Mr. Taylor filed additional proposed certificates of default against Mr. Schwartz and Ms. Kramer, (Dkt. Nos. 51–52 (the "Second Proposed CoDs")), along with affirmations in support of the Second Proposed CoDs. (Dkt. No. 53–54). Given that the deadline for Defendants to respond to the Complaint has not yet passed, the Clerk of Court also marked the Second Proposed CoDs deficient. (Dkt. Nos. 51–52; Dkt. Entry dated Feb. 18, 2026)).

### III. DISCUSSION

#### A. The First Request

Mr. Taylor requests an order compelling the Clerk of Court to enter certificates of default against Defendants. (Dkt. No. 58). The deadline for Defendants to respond to the Complaint, however, is March 16, 2026. (Dkt. No. 55). Because the time to respond to the Complaint has not yet passed, Defendants are not in default, and therefore, the First Request is **DENIED**. (See id.). See also Fed. R. Civ. P. 55(a). While the Court appreciates Mr. Taylor's frustration with the time it has taken to complete service and for Defendants to respond to the Complaint, it also appreciates his patience and understanding of the importance of ensuring that the Federal Rules of Civil Procedure are followed so that this action proceeds in an orderly and efficient manner.

2

**B.  The Second Request**

Mr. Taylor also requests an order "declaring that the post-service U.S. Marshal service order does not nullify perfected service, toll response deadlines, or suspend [Fed. R. Civ. P.] 55(a)." (Dkt. No. 58).  Based on Mr. Taylor's statement in the Motion that "[a]fter valid private service had been perfected and response deadlines had expired, the Court issued an order directing service by the U.S. Marshals Service on January 2, 2026," (Dkt. No. 58 at 2), the Court interprets the Second Request to relate to the Court's Order at Dkt. No. 26, dated January 2, 2026, in which the Court, inter alia, ordered the U.S. Marshals to effectuate service of the Complaint on Defendants.  (Dkt. No. 26 (the "Jan. 2 Order")).

Despite Mr. Taylor's claim that "proofs of service were filed on [December 29, 2025]," (Dkt. No. 58 at 2), for the reasons set forth in several of the Court's previous Orders at Dkt. Nos. 19, 24, 26, 31, 36, 42, Mr. Taylor's prior attempts to serve the summons and Complaint on Defendants were inadequate.  (See Dkt. Nos. 19, 24, 26, 31, 36, 42).  Not until February 3, 2026, after Mr. Taylor had filed his fourth revised affirmations of service, did the Court deem service on all Defendants to have been completed.  (See Dkt. No. 42).  An order declaring that Jan. 2 Order does not nullify perfected service, toll response deadlines, or suspend Fed. R. Civ. P. 55(a) is not warranted because, at the time of the Jan. 2 Order, service had not yet been effected on all Defendants.  Accordingly, the Second Request is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Taylor at 81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

The Clerk of Court is also respectfully directed to close Dkt. No. 58.

Dated:      New York, New York          SO ORDERED.
            February 20, 2026

_____

SARAH L. CAVE
**United States Magistrate Judge**

4