UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

                                   Plaintiff,          CIVIL ACTION NO. 24 Civ. 9386 (JHR) (SLC)

         -v-                                           **ORDER**

LILIYA PERELMAN KRAMER, et al.,

                                   Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

On March 17, 2026, pro se Plaintiff Stanley Taylor ("Mr. Taylor") filed a motion seeking

unclear relief.  (Dkt. No. 68 (the "Motion")).  Pursuant to Local Civil Rule 6.1(b), the deadline for

Defendants Laura Christine Williams ("Ms. Williams"), Liliya Perelman Kramer ("Ms. Kramer"),

and Nancy Reilly ("Ms. Reilly") (together, the "City Defendants") to respond to the Motion was

April 1, 2026.[1]  See Local Civ. R. 6.1(b).  To date, the City Defendants have not responded to the

Motion.  For the reasons set forth below, the Motion is **DENIED** without prejudice.

As an initial matter, the first and second pages of the Motion are cut off and do not

adequately display Mr. Taylor's requested relief.  (Dkt. No. 68 at 1–2).  From what the Court can

view, it appears that Mr. Taylor is seeking a "Court[] order removing the amended and

indispensable parties from the caption of this case[,]" but does not state which parties he seeks

to remove.  (Id. at 1).  In addition, in Mr. Taylor's accompanying declaration (Dkt. No. 68 at 3–4

(the "Declaration")), Mr. Taylor refers to a document filed by Defendants' counsel that he labels

---

[1] Defendant Arthur Z. Schwartz ("Mr. Schwartz," together with the City Defendants, "Defendants") has not yet responded to the Complaint nor appeared in this action.  Mr. Schwartz current deadline to respond to the Complaint is April 21, 2026.  (Dkt. No. 76).

as a "Limited Notice of Appearance Pursuant to FRCP Rule 11," and "purports to limit counsel's appearance, remove properly named defendants from the caption, and assert authority to represent Massachusetts defendants." (Id. at 3). Mr. Taylor further states that "no court order authorized a limited appearance" or a "modification of the caption" and that "no documentary proof of authority to represent the Massachusetts defendants has been filed." (Id.) Finally, Mr. Taylor refers to Federal Rule of Civil Procedure 11 ("Rule 11"), which he states, "governs certifications and sanctions, not appearance, representation authority, party designation, or caption modification." (Id.)

To the extent Mr. Taylor is referring to the Notices of Limited Appearance filed by counsel for the City Defendants on February 6, 2026, (Dkt. Nos. 47–48 (the "NoAs")), the NoAs provide that counsel is representing Ms. Williams in this action and is "entering a limited appearance for [Ms. Kramer and Ms. Reilly] for the purpose of contesting [Mr. Taylor's] improper service of [Ms. Kramer and Ms. Reilly]." (Dkt. Nos. 47–48). The NoAs, however, do not attempt to remove any defendants from the caption, or otherwise modify the caption in any way, as Mr. Taylor suggests. (Dkt. Nos. 47–48; 68 at 3–4). Further, assuming Mr. Taylor is referring to the NoAs in his Declaration, counsel for the City Defendants is indeed authorized to enter a limited notice of appearance pursuant to the Local Civil Rules of this District. See Local Civ. R. 1.4(c) ("Unless otherwise ordered by the court, an attorney may provide limited-scope representation to a party in a civil case.").

As for Mr. Taylor's reference to Rule 11 in the Declaration, to the extent he is referring to counsel's reference to Rule 11 in the NoAs, counsel is likely referring to Rule 11(a). (Dkt. No. 47–48). Rule 11(a) provides that every paper submitted to the Court "must be signed

by at least one attorney of record in the attorney's name." See Fed. R. Civ. P. 11(a).  Mr. Taylor's reference to the rules concerning sanctions contained in Rule 11 is therefore unclear and appears disconnected to his request for a "Court[] order removing the amended and indispensable parties from the caption of this case[.]"  (Dkt. No. 68 at 1).

Given the lack of clarity in the Motion and the Declaration, the Court is unable to decipher what relief Mr. Taylor is seeking in the Motion.  Accordingly, the Motion is **DENIED** without prejudice.

The Clerk of Court is respectfully directed to:

1.  Close Dkt. No. 68; and

2.  Mail a copy of this Order to Mr. Taylor at 81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205.

Dated:　　　New York, New York　　　　SO ORDERED.
　　　　　　April 7, 2026

_____

**SARAH L. CAVE**
**United States Magistrate Judge**