UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,
Plaintiff,

-v.-

LILIYA PERELMAN KRAMER, et al.,
Defendants.

24 Civ. 9386 (JHR) (SLC)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Stanley Taylor, acting *pro se*, brought this action against Defendants Liliya Perelman Kramer; Laura Christine Williams; Nancy Reilly (together, the "City Defendants"); and Arthur Z. Schwartz (with the City Defendants, "Defendants")), alleging that Defendants "conspire[ed] to commit fraud" in connection with his prior employment discrimination case, *Taylor v. City of New York (Department of Sanitation)*, No. 17 Civ. 1424 (MKV) (SDA) (S.D.N.Y.). ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that this action be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(a)(2) and/or 41(b), and that the City Defendants' pending Motion to Dismiss, ECF No. 71, be denied as moot. ECF No. 107 (R&R). The Court has examined the Report and Recommendation and notes that no objections have been timely filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Cave's recommendation.

**BACKGROUND**

On May 26, 2026, Plaintiff filed a letter stating that he "no longer ha[d] interest in this case in [the] Southern District of New York" and wished to "withdraw[] [this] case without prejudice." ECF No. 100. On May 28, 2026, Judge Cave directed the City Defendants to

"prepare a stipulation of dismissal that complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), circulate it to Mr. Taylor for his signature, and file it on behalf of all parties" by June 18, 2026. ECF No. 101. On June 26, 2026, because the City Defendants had not yet filed the requisite stipulation of dismissal, Judge Cave *sua sponte* extended their deadline to do so until July 7, 2026. ECF No. 102. On July 7, 2026, the City Defendants filed a letter stating that they had "served the Stipulation of Dismissal on Plaintiff via First Class Mail on July 1, 2026" and "asked him to mail the stipulation back . . . as soon as possible or to file it directly with the Court." ECF No. 103. But neither occurred. *Id.* On July 8, 2026, Judge Cave extended the City Defendants' deadline to file a stipulation of dismissal, or a letter apprising the Court of the status of the stipulation, until July 14, 2026. ECF No. 104.

On July 8, 2026, Plaintiff also filed another letter stating his intent to "withdraw[] [his] case," but without attaching a signed stipulation of dismissal. ECF No. 105. On July 16, 2026, the City Defendants updated the Court on the status of their efforts to file a stipulation of dismissal, explaining that, "[o]n July 15, 2026, Plaintiff emailed [the City Defendants] claiming he [had] sent the signed stipulation on July 7th"; that the City Defendants responded that "there was no attachment to his email and requested that he send it again"; and that Plaintiff "ha[d] not responded." ECF Nos. 106, 106-1. Neither party has filed a stipulation of dismissal.

On July 21, 2026, Judge Cave issued a Report and Recommendation recommending that "this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(a)(2) and/or 41(b)" and "that the MTD [at ECF No. 71] be DENIED as moot." R&R at 6. The Report and Recommendation directed the Clerk of Court to mail a copy of the Order to Plaintiff at 81 North Portland Ave, Apt. 12H, Brooklyn, NY 11205 and to non-appearing Defendant Arthur Schwartz at 225 Broadway, Suite 1902, New York, NY 10007. *Id.*

at 6-7. The Clerk of Court mailed a copy of the Order to Plaintiff and Defendant Schwartz on July 22, 2026 and August 28, 2026, respectively.

The Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections." *Id*. at 7. The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS." *Id*. (emphasis in original). Plaintiff's objections were thus due on August 4, 2026. Defendant Schwartz's objections were due on September 11, 2026. No objections were filed by those dates, nor has any extension of time to file objections been requested.[1]

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc*., No. 19 Civ. 03363 (ALC)

[1] On September 15, 2026, Plaintiff filed untimely objections to the Report and Recommendation. ECF No. 109 (re-attaching Plaintiff's May 26, 2026 and July 8, 2026 letters requesting to withdraw the case without prejudice, ECF Nos. 100, 105). Plaintiff asserted that he withdrew the case because the Court "lacks subject-matter jurisdiction" and objected to the Report and Recommendation insofar as it "characterize[d] Plaintiff's withdrawal as an abandonment of the action." *Id.* Plaintiff did not object to dismissal of this case pursuant to Rule 41(a)(2). On October 2, 2026, Plaintiff filed a second "letter motion to withdraw," which clarified that he intended to dismiss the case "because this Court [has] no federal question or [] diversity [jurisdiction]." ECF No. 110 (re-attaching Plaintiff's May 26, 2026 and July 8, 2026 letters requesting to withdraw the case without prejudice, ECF Nos. 100, 105).

(VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS," R&R at 7 (emphasis in original), the parties did not file any timely objections to the Report and Recommendation.[2] Thus, the clear-error standard is appropriate. Having carefully reviewed the Report and Recommendation, the Court finds no such error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025).

Accordingly, the Report and Recommendation is adopted in its entirety. The Clerk of Court is directed to terminate all pending motions and close this case. Additionally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff Stanley Taylor at 81 North Portland Ave, Apt. 12H, Brooklyn, New York 11205, and to Defendant Arthur Schwartz at 225 Broadway, Suite 1902, New York, NY 10007.

---

[2] As previously explained, Plaintiff filed untimely objections to the Report and Recommendation. *See supra* n.1. The Second Circuit has held that the failure of a plaintiff proceeding *pro se* to timely file objections to a Magistrate Judge's report and recommendation will result in the waiver of further judicial review where, as here, the report and recommendation adequately notified the *pro se* plaintiff of the deadline to object and the consequences of failing to object timely. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (affirming order adopting report and recommendation that dismissed *pro se* plaintiff's case). In any event, in the instant matter, Plaintiff's untimely objections only reinforced his interest in terminating this action. *See* ECF Nos. 109, 110.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge